IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| POWER GUARDIAN, LLC, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:12-CV-236 (MTT) |
| DIRECTIONAL ENERGY CORP. and FTC ENERGY, INC., | ) |
| Defendants. | ) |

## ORDER

Before the Court are the Plaintiff's Motion to Strike (Doc. 13) Defendant FTC Energy's pro se Motion to Dismiss (Doc. 10) and the Plaintiff's Application for Judgment by Default against Defendant FTC Energy. (Doc. 17).

The Plaintiff filed its Complaint against Directional Energy Corp. in Jones County Superior Court on May 17, 2012. Directional Energy removed the lawsuit to this Court on June 22, 2012. (Doc. 1). On July 5, 2012, the Plaintiff amended its Complaint to add FTC Energy, Inc. as a Defendant. (Doc. 6). On July 27, 2012, Joe D. Shepard filed a pro se Motion to Dismiss on behalf of FTC Energy as its Chairman/CEO. (Doc. 10). The Plaintiff moved to strike this motion on August 3, 2012, because it was not signed by an attorney. (Doc. 13). Counsel for FTC Energy noticed his appearance on August 25, 2012. (Doc. 15). On September 5, 2012, the Plaintiff moved for default judgment against FTC Energy. (Doc. 17). FTC Energy responded to this motion the next day and separately filed an Amended Motion to Dismiss. (Docs. 18 and 19).

Both of the Plaintiff's motions are predicated on the fact that FTC Energy's pro se Motion to Dismiss was filed by its chief executive officer and was not signed by an attorney.  Absent this signature, the Plaintiff contends that FTC Energy's Motion must be struck.  The Plaintiff is correct: During court proceedings, a corporation must be represented by counsel and may not proceed pro se.  *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).  Further, this requirement "applies even where the person seeking to represent the corporation is its president and major stockholder." *Id.* Therefore, FTC Energy's Pro Se Motion to Dismiss (Doc. 10) is insufficient as filed and must be struck from the record. The Plaintiff's Motion to Strike (Doc. 13) is **GRANTED**.[1]

Additionally, FTC Energy is **ORDERED** to file an Answer to the Plaintiff's Complaint within 14 days of entry of this Order.

The Plaintiff further argues that it is entitled to default judgment pursuant to Fed. R. Civ. P. 55 because FTC Energy "has failed to plead or otherwise defend" by not timely filing a valid response.  However, default judgment is premature at this juncture both because there has been no entry of default and because the Court, by this Order, has provided FTC Energy 14 days to file a proper pleading.  Therefore the Plaintiff's Application for Judgment by Default (Doc. 17) is **DENIED**.

Additionally, the Plaintiff has 14 days from the entry of this Order to file a response to FTC Energy's Amended Motion to Dismiss (Doc. 19).

**SO ORDERED**, this 18th day of September, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[1] Although it is striking FTC Energy's original motion, the Court will still consider FTC Energy's Amended Motion to Dismiss (Doc. 19).